UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI SAREINI,

       Plaintiff,                           CIVIL ACTION NO. 08-13961

       v.                                  DISTRICT JUDGE THOMAS L. LUDINGTON

DAVE BURNETT and                MAGISTRATE JUDGE VIRGINIA M. MORGAN
RADWAN MARDINI,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

      This is a *pro se* 42 U.S.C. § 1983 prisoner action in which the plaintiff alleges that defendants, while employees of the Michigan Department of Corrections, violated the rights of Shi'a Muslims under the United States Constitution. Plaintiff states that he is a Shi'a Muslim and an appropriate class representative. Defendant Burnett, according to his motion for summary judgment is a former employee, the special activities coordinator. Defendant Imam Mardini is a chaplain at the Huron Valley Corrections facility. Plaintiff is confined at the Carson City facility. The matter has been referred to this Court for all pretrial proceedings. For the reasons stated below, this Court recommends that the complaint be dismissed as plaintiff seeks class certification, is proceeding *pro se*, and cannot adequately represent a class.

**II. Background**

On September 15, 2008, plaintiff filed the complaint on behalf of himself and other Shi'a Muslims against defendants in this matter (D/E #1). In that complaint, plaintiff alleges that the defendants' treatment of plaintiff's religion and religious practices violates the Religious Land Use and Institutionalized Persons Act (RLUIPA)[1], the Equal Protection Clause of the Fourteenth Amendment, the First Amendment, and the Eighth Amendment. Plaintiff is an adherent to the Shi'ite branch of Islam and, as part of his complaint, plaintiff requests class-certification for all similarly situated Shi'a Muslim prisoners under the authority of the MDOC. All allegations in the complaint refer to the class as a whole. Plaintiff seeks to be lead plaintiff.[2]

Pursuant to the practice in the Southern Division of the United States District Court for the Eastern District of Michigan, plaintiff's case was screened and, following that screening, United States Magistrate Judge R. Steven Whalen granted plaintiff *in forma pauperis* status and ordered service upon the defendants by the United States Marshal's Service (D/E #3, #6).

Subsequently, the Honorable Thomas L. Ludington referred this matter (D/E #8) to this Court for, among other things: determination of whether the complaint should be dismissed because the plaintiff has had three or more prior cases dismissed as frivolous or malicious or for failure to state a claim; determination of whether the complaint should be dismissed in whole or

---

[1] 42 U.S.C.A. § 2000cc *et seq.*

[2] Plaintiff also filed a motion for partial summary judgment with respect to the issue of whether he is a Shi'a Muslim (D/E #5).

in part as frivolous or malicious or for failure to state a claim upon which relief may be granted; and any other pretrial matters. The order of reference also provided that, if this Court does not recommend that the complaint be dismissed in its entirety, then it shall enter an order directing service upon the appropriate defendants.

On November 20, 2008, pursuant to Judge Whalen's order directing service, defendants returned executed waivers of service (D/E #9, #10). On December 22, 2008, defendants filed a motion for summary judgment (D/E #12).[3]

### III. Discussion

Pursuant to 28 U.S.C. § 1915(e)(B) a court shall dismiss an action proceeding *in forma pauperis* if it determines that the complaint fails to state a claim upon which relief can be granted. In this case, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted because his request for class certification must be denied and all of the allegations found in the complaint refer to the class as a whole, rather to any specific claims plaintiff has or any individual relief he seeks.

In order to obtain class certification, a class must fulfill all four factors of Federal Rule of Civil Procedure 23(a), in addition to satisfying as least one factor of Rule 23(b). Fed. R. Civ. P. 23(a), (b). Under Fed. R. Civ. P. 23(a), four prerequisites exist for class certification: 1) the class

---

[3] The motion does not raise issues related to plaintiff's maintenance of the class action. Defendants seek summary judgment for the reason that Iman Mardini lacks personal involvement and both defendants also seek summary judgment on the grounds that the policies are constitutional. Because it is recommended that the case be dismissed on other grounds, the merits of the motion for summary judgment are not addressed.

must be so numerous that joinder of all members is impracticable; 2) common questions of law or fact must be present among the class; 3) the claims of the representative party must be typical of the class; and 4) the representative party must be able to protect fairly and adequately the interests of the class.  Stout v. J.D. Byrider, 228 F.3d 709, 716 (6th Cir. 2000).  Failure to satisfy one factor renders a consideration of the other three factors superfluous.  See Fed. R. Civ. P. 23(a); In re American Med. Sys., Inc., 75 F.3d 1069, 1079 (6th Cir. 1996).

Here, plaintiff is proceeding *pro se* and he seeks to represent all Shi'a Muslim prisoners under the authority of the MDOC.  However, it is well established that non-attorneys proceeding *pro se* cannot adequately represent a class.  Ziegler v. Michigan, 90 Fed. Appx. 808, 810 (6th Cir. 2004); Palasty v. Hawk, 15 Fed. Appx. 197, 200 (6th Cir. 2001); Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  Inability to adequately represent a class requires that the court withhold class certification.  See Fed. R. Civ. P. 23(a); In re American Med. Sys., Inc., 75 F.3d at 1079, 1083. *Pro se* prisoners are not able to fairly represent a class and plaintiff's request to do so in this case should be denied.

In light of plaintiff's inability to fairly represent a class, his request for class certification must be denied.  Additionally, because all of the allegations found in the complaint refer to the class as a whole and not to any specific claims plaintiff may have as an individual, plaintiff's complaint should be dismissed for failure to state a claim upon relief can be granted.

**IV. Conclusion**

For the reasons discussed above, this Court recommends that the complaint be dismissed as plaintiff seeks class certification, is proceeding *pro se*, and cannot adequately represent a class.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                    S/Virginia M. Morgan
                                    Virginia M. Morgan
                                    United States Magistrate Judge

Dated: December 30, 2008

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on December 30, 2008.

                                        s/J. Johnson
                                        Case Manager to
                                        Magistrate Judge Virginia M. Morgan