UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALI SAREINI,

          Plaintiff,

                                  Case Number 08-13961-BC
                                  Honorable Thomas L. Ludington

v.

DAVE BURNETT, RADWAN MARDINI,

          Defendants.
_____/

**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION, SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTION, AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT**

On September 15, 2008, pro se Plaintiff Ali Sareini filed a complaint, purporting to represent a class of prisoners, and alleging that Defendants Dave Burnett and Radwan Mardini violated class members' rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, et seq.; the Equal Protection Clause; and the First, Eighth, and Fourteenth Amendments. Plaintiff is currently incarcerated at Carson City Correctional Facility in Carson City, Michigan. Prior to retirement, Defendant Burnett was formerly employed as the special activities coordinator with the Michigan Department of Corrections ("MDOC"), at the central office in Lansing, Michigan. Defendant Mardini has been employed as a chaplain at the Huron Valley Complex Men's Facility since 1999.

This matter is before the Court on a report and recommendation issued by Magistrate Judge Virginia M. Morgan on December 30, 2008. The magistrate judge recommends dismissing Plaintiff's claims because Plaintiff seeks class certification, all of the allegations in Plaintiff's

complaint refer to the class as a whole, and Plaintiff cannot adequately represent a class when he is proceeding pro se. On or about January 7, 2009, Plaintiff filed an objection [Dkt. # 21], contending, inter alia, that even if he cannot proceed with class action status, he should be able to proceed as an individual. Plaintiff also objected on the ground that the Court should appoint counsel so that the class action may proceed. For the reasons stated below, the Court will sustain in part and overrule in part Plaintiff's objection, and adopt in part and reject in part the recommendation of the magistrate judge.

In his complaint, Plaintiff describes the class he seeks to represent as "all known and unknown Shi'a Muslim individuals imprisoned within the [MDOC]." The claims raised by Plaintiff arise from the basic premise that MDOC policies recognize only the Sunni, and not Shi'a, Muslim religion. Therefore, Plaintiff contends that the Shi'a class of prisoners is forced to either attend Sunni religious services or forego involvement in faith-based activities and services. Plaintiff also contends that Defendants have violated the rights of Shi'a prisoners by refusing to provide them with a diet consistent with their religious beliefs, by denying them items central to the practice of their faith, by refusing to allow them to wear their religious head coverings, by denying them the opportunity to purchase, possess, or wear religious clothing, by refusing to recognize fasting periods, by denying them opportunities to observe special holidays, by forcing them to attend prison jobs or educational details when their religion requires them to attend services, by failing to extend to them Prisoner Benefit Fund financial allotments, and by refusing to appoint a Shi'a Muslim to participate on the Chaplains Advisory Council.

While the magistrate judge is correct that Plaintiff's allegations all refer to the class as a whole, it is not insignificant that Plaintiff has attached to the complaint a memorandum addressing a grievance that he filed while incarcerated. The memorandum, dated October 15, 2007, describes Plaintiff's grievance allegations, including that he is denied the right to gather with fellow Shi'a Muslims to practice his faith. This memorandum suggests that Plaintiff is alleging individual claims, separate from the class allegations. Thus, it is premature to dismiss Plaintiff's complaint in its entirety and the Court will reject this portion of the report and recommendation. Instead, the Court will grant Plaintiff leave to file an amended complaint, which should clearly identify the specific instances in which Plaintiff alleges that his individual rights have been violated. Should Plaintiff fail to file the amended complaint in the time allowed by this order, his complaint will be dismissed without prejudice.

Notably, however, the Court generally agrees with the recommendation of the magistrate judge that Plaintiff has not shown that class certification is proper pursuant to Federal Rule of Civil Procedure 23. Thus, the Court will adopt this portion of the report and recommendation. Should class certification become proper at a later juncture, the Court will reconsider the issue.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [Dkt # 13] is **ADOPTED IN PART** and **REJECTED IN PART**.

It is further **ORDERED** that Plaintiff's objection to the report and recommendation [Dkt. # 21] is **SUSTAINED IN PART** and **OVERRULED IN PART**.

It is further **ORDERED** that Plaintiff is **GRANTED LEAVE** to **FILE AN AMENDED COMPLAINT**. Plaintiff shall file an amended complaint on or before **June 4, 2009**, clearly identifying the specific instances in which he alleges that his individual rights have been violated, or suffer dismissal of his complaint without prejudice.

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: May 13, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 13, 2009.

s/Tracy A. Jacobs<br>TRACY A. JACOBS