UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ALI SAREINI,

        Plaintiff,               CIVIL ACTION NO. 08-13961

      v.                    DISTRICT JUDGE THOMAS L. LUDINGTON

DAVE BURNETT and          MAGISTRATE JUDGE VIRGINIA M. MORGAN
RADWAN MARDINI,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This matter comes before the court on plaintiff's Motion for Partial Summary Judgment (D/E #4), defendants' Motion to Summary Judgment (D/E #12), and plaintiff's Motion for Class Certification (D/E #30). For the reasons discussed below, this court recommends that all three motions be **DENIED WITHOUT PREJUDICE**.

### II. Background

On September 15, 2008, plaintiff filed the complaint on behalf of himself and other Shi'a Muslims against defendants in this matter (D/E #1). In that complaint, plaintiff alleged that the defendants' treatment of plaintiff's religion and religious practices violates the Religious Land

-1-

Use and Institutionalized Persons Act (RLUIPA)[1], the Equal Protection Clause of the Fourteenth Amendment, the First Amendment, and the Eighth Amendment. Plaintiff also identified himself as an adherent to the Shi'ite branch of Islam and, as part of his complaint, plaintiff requested class-certification for all similarly situated Shi'a Muslim prisoners under the authority of the MDOC. Plaintiff further sought to be the lead plaintiff in the class action.

Following the filing of that complaint, this court recommended that the complaint be dismissed because plaintiff sought class certification, was proceeding *pro se*, and could not adequately represent a class in his proposed class action (D/E #13). Plaintiff objected to that report and recommendation (D/E #21) and the Honorable Thomas L. Luddington issued an order adopting in part and rejecting in part the report and recommendation (D/E #32). As stated in that opinion and order:

> While the magistrate judge is correct that Plaintiff's allegations all refer to the class as a whole, it is not insignificant that Plaintiff has attached to the complaint a memorandum addressing a grievance that he filed while incarcerated. The memorandum, dated October 15, 2007, describes Plaintiff's grievance allegations, including that he is denied the right to gather with fellow Shi'a Muslims to practice his faith. This memorandum suggests that Plaintiff is alleging individual claims, separate from the class allegations. Thus, it is premature to dismiss Plaintiff's complaint in its entirety and the Court will reject this portion of the report and recommendation. Instead, the Court will grant Plaintiff leave to file an amended complaint, which should clearly identify the specific instances in which Plaintiff alleges that his individual rights have been violated. Should Plaintiff fail to file the amended complaint in the time allowed by this order, his complaint will be dismissed without prejudice.
>
> Notably, however, the Court generally agrees with the recommendation of the magistrate judge that Plaintiff has not shown that class certification is proper

---

[1] 42 U.S.C.A. § 2000cc *et seq.*

-2-

pursuant to Federal Rule of Civil Procedure 23.  Thus, the Court will adopt this portion of the report and recommendation.  Should class certification become proper at a later juncture, the Court will reconsider the issue. [Opinion and Order, pp. 2-3; D/E #32]

Plaintiff filed an amended complaint on May 27, 2009 (D/E #33).  On June 12, 2009, defendants filed a motion for an extension of time to file a response to that complaint (D/E #35) and that motion was subsequently granted by this court (D/E #36).

**III. Discussion**

All three of the motions before the court were filed prior to Judge Luddington's opinion and plaintiff's amended complaint.  Consequently, the motions for summary judgment were based on the purported class action complaint, which was subsequently dismissed, while the motion was class certification was made prior to Judge Luddington's express ruling denying class certification at this time.  Given those circumstances, the motions should all be denied without prejudice.  If necessary and appropriate in light of the allegations in the amended complaint, the parties may refile their respective motions.

**IV. Conclusion**

For the reasons discussed above, this court recommends that plaintiff's Motion for Partial Summary Judgment (D/E #4), defendants' Motion to Summary Judgment (D/E #12), and plaintiff's Motion for Class Certification (D/E #30) be **DENIED WITHOUT PREJUDICE**.  .

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140

(1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir.

1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

magistrate judge.

     Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address

each issue contained within the objections specifically and in the same order raised.

                              S/Virginia M. Morgan               
                              Virginia M. Morgan
                              United States Magistrate Judge

Dated: June 30, 2009

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the
Court's ECF System and/or U. S. Mail on June 30, 2009.

                              s/Jane Johnson
                              Case Manager to
                              Magistrate Judge Virginia M. Morgan