# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ALI SAREINI,

        Plaintiff,                      Case Number: 08-13961

v.                                          THOMAS L. LUDINGTON
                                                UNITED STATES DISTRICT JUDGE

DAVE BURNETT,

                                                VIRGINIA M. MORGAN
        Defendant.            UNITED STATES MAGISTRATE JUDGE

_____ /

## REPORT AND RECOMMENDATION

This is a *pro se* 42 U.S.C. § 1983 action in which Plaintiff Ali Sareini, an inmate in the custody of the Michigan Department of Corrections, alleges that Defendants violated his rights under the Free Exercise Clause of the First Amendment to the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), by refusing to hold a separate group religious service for Shia Muslim prisoners, refusing to provide Halal meals, not allowing him to possess items central to the practice of his faith, and denying him the opportunity to observe religious holidays. Presently before the court is Defendant Dave Burnett's third motion for summary judgment, filed July 1, 2010. (Doc. No. 64). Plaintiff Ali Sareini did not file a response and the time for response has since lapsed. For the reasons discussed below, the court recommends that Defendant's motion for summary judgment be **GRANTED IN PART AND DENIED IN PART** and that this case be scheduled for trial.

**I. Background**

1

On September 15, 2008, Plaintiff filed a *pro se* class action complaint, on behalf of a class of prisoners, alleging that Defendants had violated his and similarly situated Shia Muslims' constitutional religious rights. (Doc. No. 1). The court dismissed Plaintiff's class complaint but allowed Plaintiff to file an amended complaint on his own behalf. (Doc. No. 32).

Plaintiff filed an amended complaint that Defendants Dave Burnett and Radwan Mardini violated his religious rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*., the Equal Protection Clause, and the First, Eighth, and Fourteenth Amendments. (Doc. No. 1). Before his retirement, Defendant Burnett was employed as the special activities coordinator with the Michigan Department of Corrections ("MDOC"), at the central office in Lansing, Michigan. Defendant Mardini has been a chaplain at the Huron Valley Complex Men's Facility since 1999.

Plaintiff, a Shia Muslim, has been incarcerated for 20 years in the Michigan state prison system. (Am. Compl. p. 3). During that time, he alleges that the Michigan Department of Corrections has restricted the practice of his faith. (Am. Compl. p. 3). Plaintiff alleges that the MDOC violated his constitutional rights to practice his religion by refusing to recognize Shia Islam as a religious group, so that Shia Muslims could hold separate group services. (Am. Compl. 3). Plaintiff further alleges that Defendants have violated his religious constitutional rights and his constitutional right to equal protection of the laws by refusing to provide Halal meals, even though the prisons provide Kosher meals. (Am. Compl. p. 5). Plaintiff has also been denied admission into the Kosher meals program. (Am. Compl. p. 5). Plaintiff asserts that Defendants have denied him the right to possess certain religious items that are central to the practice of his faith, including the Miswak Stick, Attar (prayer oil), an Aqiq ring, a keffiyeh head scarf, and a prayer tablet. (Am.

2

Compl. p. 9). Plaintiff also complains that Defendants have not honored Shia traditions during Ramadan and alleges that Defendants refuse to recognize Shia holidays and religious ceremonies. (Am. Compl. p. 12).

Defendants filed a previous motion for summary judgment on the merits of Plaintiff's claims. This court recommended that the motion for summary judgment be granted as to Chaplin Mardini and to Burnett on Plaintiff's free exercise claim based on his allegations related to group religious services. (Doc. No. 43). The court also recommended that Plaintiff's religious holiday, religious property, religious diet, and equal protection claims against Burnett survive summary judgment. (Doc. No. 42). The district court adopted these recommendations on January 22, 2010. (Doc. No. 45).

After the court denied summary judgment, the parties conducted discovery. Thereafter, Burnett filed another motion for summary judgment, which is the matter currently pending before the court. Plaintiff has not filed a response.

## II. Standard of Review

In deciding a motion for summary judgment, this court uses the following standard of review:

> Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. "The judge is not to weigh the evidence and determine the truth of the matter, but rather determine whether there is a genuine issue for trial."

*Totes Isotoner Corp. v. Int'l Chemical Workers Union Council/UFCW Local 664C*, 532 F.3d 405, 411-12 (6th Cir. 2008) (internal citations omitted).

## III. Analysis

The first argument that Burnett advances in his motion for summary judgment is that this court should deny Plaintiff's request for a preliminary injunction. (Doc. No. 64, Def.'s MSJ 3-4)). Burnett then uses the preliminary injunction standard to evaluate all of Plaintiff's remaining claims against him.

Plaintiff is not seeking a preliminary injunction. Plaintiff does seek injunctive relief but, as with any other type of remedy, Burnett must first be found liable for the alleged constitutional violations before injunctive relief would be awarded. Accordingly, the court declines to adopt Burnett's analytical framework, so far as he uses the preliminary injunction standard, and will, instead, use the summary judgment standard, as this is a motion for summary judgment.

Turning to the merits of Plaintiff's religious diet claim, Burnett argues that MDOC's refusal to provide Halal meas does not substantially burden Plaintiff's ability to practice his religion because MDOC furnishes him with a protein substitute that is nutritionally sufficient and meets his religious requirements. (Doc. No. 64, Def.'s MSJ 4-5). Burnett also argues that there is no factual dispute regarding cross-contamination because an MDOC employee avers in an affidavit that cross-contamination does not occur. *Id.* at 6. Burnett also notes that the vegetarian diet currently offered to Plaintiff is the most cost-effective way to accommodate his religious requirements. *Id.* at 5-6.

The court previously opined that "factual question remains as to whether the vegetarian meals offered at MDOC prisons are Halal and may be lawfully consumed by Plaintiff in accordance with his religion." (Doc. No. 43, Report and Recommendation 12). The court accepts that a vegetarian diet is Halal. However, Plaintiff alleges that he has observed cross-contamination between the meat and vegetarian options, thereby rendering the vegetarian options haraam, and the court concluded in the previous R&R that Burnett had not refuted Plaintiff's claim of cross-

4

contamination. (Am. Compl. p. 8).

Burnett has come forth with addition evidence, which he argues, resolves the factual issue on cross-contamination. Burnett proffers an affidavit from Brad Purves, the Acting Foodservice Program Manager for MDOC in support of his argument. (Doc. No. 64, Def.'s MSJ Ex. 6, Purves Aff.). Purves avers that "[i]n order to prevent cross contamination, the Department follows a HACCP plan (Hazard Analysis and Critical Control Point)(Exhibit 6B). This is a comprehensive prevention-based food safety system that identifies and monitors specific food safety hazards that can adversely affect the safety of food products." (Purves Aff. ¶ 7). Purves further states that meat and non-meat entrees are served separately. (Purves Aff. ¶ 8).

The court recommends that Burnett's motion for summary judgment on the religious diet claim be denied. Although Burnett has provided additional evidence, the new evidence is not sufficient to refute Plaintiff's cross-contamination allegations. The evidence provided does not explain the actual practices at the prison facility where Plaintiff resides. Although MDOC has provided its overarching food safety policy, that policy does not explain how cross-contamination between meat and non-meat items is prevented during the preparation of the meals. Rather, the policy is a general food safety policy that governs the safety of food preparation but not the mixing of safely prepared meat and non-meat items. There is no evidence that MDOC strictly separates the meat and vegetarian food items in such a way that cross-contamination could not occur. Further, Purves' statement that meat and non-meat items are served separately also does not show that cross-contamination during preparation does not happen. A factual question concerning cross-contamination, therefore, remains for trial.

Burnett next argues that Plaintiff's religious property claim should be dismissed because the

MDOC's decision to prohibit the items Plaintiff alleges are essential to the practice of his religion does not, in fact, substantially burden his ability to practice his religion. (Doc. No. 64, Def.'s MSJ 7). Burnett further argues that even if the property restrictions substantially burden Plaintiff's religious practice, MDOC has a compelling governmental interest in restricting the amount of property each prisoner possesses and it employs the least restrictive means of limiting property. *Id.*

Plaintiff has not come forth with evidence to contradict the affidavit Burnett has provided, in which Chaplin Mardini avers that the Misawk stick, attar, aqeeq ring, the keffiyeh, and a prayer tablet are not essential to the practice of his religion. (Doc. No. 64, Def.'s MSJ Ex. 5). Plaintiff's complaint and unnotarized statement regarding the religious importance of the items are insufficient to propel Plaintiff's religious property claim past summary judgment. Burnett's motion for summary judgment on Plaintiff's religious property claim should be granted.

With respect to Plaintiff's religious holiday claim, Burnett argues that MDOC has a compelling state interest in restricting the number of banquets held at the prison. (Doc. No. 64, Def.'s MSJ 9). Burnett acknowledges that MDOC hosts Passover Seders for Jewish prisoners but states that MDOC does so only to comply with a court order. *Id.* Burnett argues that it would be unduly burdensome on the prison to host banquets for other religions. *Id.*

Unfortunately, Burnett did not provide any evidence of MDOC's need to control the number of banquets. Instead, Burnett makes arguments, unsupported by citation to the record, that allowing religious banquets other than the Passover Seder creates "chaos." (Doc. No. 64, Def.'s MSJ 9). As explained by the Sixth Circuit in *Whitney v. Brown*, 882 F.2d 1068, 1074 (6th Cir. 1989):

> They [prison officials] seem to read *Turner* and *O'Lone* as saying that anything prison officials can justify is valid because they have somehow justified it. In an argument typical of their conclusory approach to the problem, the prison officials maintain that the Passover Seders should be banned because "[a]ny time the normal

6

routine of an institution is altered, the good order and security of that facility are potentially compromised." Prison officials' Brief at p. 8. The fact remains, however, that prison officials do not set constitutional standards by fiat.

The same rationale is applicable to Burnett's argument in this case. Burnett argues, without factual evidence, that Muslim religious banquets should be banned "because it would require staff to monitor and organize every banquet." (Doc. No. 64, Def.'s MSJ 9). The question remains, however, whether there is evidence to support this argument. Because Burnett has not met his evidentiary burden, his motion for summary judgment on Plaintiff's religious holiday claim should be denied.

Burnett also argues that Plaintiff's equal protection claim should be dismissed because Plaintiff has not set forth a valid claim. (Doc. No. 64, Def.'s MSJ 10). Burnett argues that this court should apply the rational basis test and posits there is a rational basis behind MDOC's decision not to offer Halal meals: Halal meal would cost four times as much as Kosher meals. *Id.* at 11.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution "protects against arbitrary classifications, and requires that similarly situated persons be treated equally." *Richland Bookmart, Inc. v. Nichols*, 278 F.3d 570, 574 (6th Cir. 2002). However, "[t]o withstand Fourteenth Amendment scrutiny, statutes that do not interfere with fundamental rights or single out suspect classifications must bear only a rational relationship to a legitimate state interest." *Id.*

Here, Burnett concedes that similarly situated prisoners, namely Jewish prisoners, are treated differently by MDOC. The question is, therefore, whether the distinctions MDOC has made in how Jewish and Muslim prisoners are treated satisfy strict scrutiny, as MDOC's policy involves the suspect class of a religious group. Strict scrutiny, not rational basis as argued by Burnett, applies

7

where the government classification is based on religion or burdens the exercise of religion. *See Bowman v. U.S.*, 304 Fed. Appx. 371, 378 (6th Cir. 2008).

The record is insufficient for this court to determine whether regarding the burden Plaintiff's requests would place on prison resources, or the existence of any alternatives which might satisfy his religious requirements. Further, Plaintiff's equal protection claim raises issues of fact, as policies infringing on religious rights may be unreasonable when accommodations are made for others. *See Turner v. Bolden,* 8 Fed. Appx. 453, 456 (6th Cir. 2001); *Love v. Reed*, 216 F.3d 682, 691 (8th Cir. 2000). For these reasons, Burnett's motion for summary judgment on Plaintiff's equal protection claim should be denied.

## IV. Conclusion

For the reasons discussed above, the court recommends that Defendants' motion for summary judgment (Doc. No. 64) be **GRANTED IN PART** and **DENIED IN PART**. Summary judgment should be entered on Plaintiff's religious property claim but denied as respect to the remaining claims. Also, the court recommends that Plaintiff be appointed counsel for trial.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen(14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,*

829 F.2d 1370, 1373 (6th Cir. 1987).

        S/Virginia M. Morgan
        Virginia M. Morgan
        United States Magistrate Judge

Dated: December 23, 2010

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on December 23, 2010.

        s/Jane Johnson
        Case Manager to
        Magistrate Judge Virginia M. Morgan