UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALI SAREINI,

                Plaintiff,                      Case No. 08-cv-13961

v.                                            Honorable Thomas L. Ludington

DAVE BURNETT, et al,

                Defendants.

_____/

**ORDER DENYING MOTION FOR RELIEF FROM PRIOR DISMISSAL**

On September 15, 2008, Plaintiff Ali Sareini filed a complaint against Defendants, all affiliated with the Michigan Department of Corrections, which alleged that Defendants had discriminated against Sareini on religious grounds. ECF No. 1. Sareini is an inmate in the custody of the Michigan Department of Corrections. In the complaint, Sareini alleged claims under the First, Eight, and Fourteenth Amendments. On December 30, 2008, Magistrate Judge Virginia M. Morgan issued a report recommending that Sareini's complaint be dismissed because he was seeking class certification but was not capable of adequately representing the class. ECF No. 13. The Court adopted the report and recommendation in part and granted Sareini leave to file an amended complaint. ECF No. 32. On May 27, 2009, Sareini filed an amended complaint which clarified that he was bringing claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, the Equal Protection Clause of the Fourteenth Amendment, the First Amendment, and the Eighth Amendment. ECF No. 33. Specifically, Sareini was alleging that Defendants have violated his civil rights by refusing to hold a separate group religious service for Shia Muslim prisoners, denying Sareini meals which

comply with his religious dietary needs, refusing to allow Sareini to possess certain items of religious significance, and denying Sareini the opportunity to celebrate religious holidays.

Defendants subsequently filed a motion for summary judgment. ECF No. 41. On December 21, 2009, Judge Morgan issued a report recommending that the motion for summary judgment be granted in part. ECF No. 43. Judge Morgan recommended that summary judgment for Defendants be entered on Plaintiff's group religious services and equal protection claims, but found that factual questions remained surrounding Sareini's request for meals which complied with his religious needs, his religious property claim, and his religious holidays claim. Because neither party objected to Judge Morgan's report and recommendation, the Court adopted it without independently reviewing the record. ECF No. 45.

On December 23, 2010, Judge Morgan issued another report and recommendation. Judge Morgan recommended that Sareini's religious property claim should be dismissed because Sareini had not provided non-conclusory evidence that items were essential to the practice of his religion. However, Judge Morgan recommended that Sareini's religious diet, religious holiday, and equal protection claims not be dismissed.

On March 31, 2011, the Court issued an order adopting in part Judge Morgan's report and recommendation. ECF No. 72. Specifically, the Court adopted Judge Morgan's recommendation that Sareini's religious property claim be dismissed. The Court reasoned that Sareini has not established that "he would be unable to adhere to his faith or that his faith would be significantly inhibited without these items." *Id.* at 8. The Court concluded: "The exercise of Plaintiff's religion may be more difficult without the items, but he is not compelled to act contrary to his religious beliefs." *Id.* The Court also dismissed Sareini's religious holiday claim and equal protection claim. Although the Court did not grant summary judgment on Sareini's

religious diet claim, Sareini later settled that claim. *See* General Release from Liability, ECF No. 96, Ex. A; ECF No. 91.

On June 17, 2016, over three years after the parties submitted a stipulated order dismissing the remaining claim and the case with prejudice, Sareini filed a motion for relief from the Court's previous orders dismissing his religious items and holidays claims. For the following reasons, Sareini's motion for relief will be denied.

**I.**

Sareini is requesting relief from a final judgment under Federal Rule of Civil Procedure 60(b). That rule allows the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:"

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

*Id.*

A "motion under rule 60(b) must be made within a reasonable time," and if the party is relying on grounds one, two, or three, the motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.* at Rule 60(c). A party cannot rely on the catchall sixth ground for relief if the party's claim for relief is actually premised on one of the other grounds. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11

(1988). Likewise, the movant cannot circumvent the one-year limitation of grounds one through three by relying on the sixth ground. *United Airlines, Inc. v. Brien*, 588 F.3d 158, 174 (2d Cir. 2009). "A claim of legal error in the underlying judgment falls within the definition of mistake under Rule 60(b)(1)." *United States v. Reyes*, 307 F.3d 451, 456 (6th Cir. 2002).

## II.

In his motion, Sareini argues that Judge Morgan and this Court analyzed and dismissed his claims under free exercise and equal protection claim standards only, not under the RLUIPA standard. Sareini thus argues that he is entitled to relief based on the fourth, fifth, and sixth grounds for relief under Rule 60(b). As already stated, a party cannot rely on the sixth ground if the party is actually asserting other grounds for relief. Sareini's motion argues simply that the Court made a mistake of law in applying the wrong standard. Thus, Sareini is actually seeking relief under Rule 60(b)(1). Because all of Sareini's claims were dismissed or settled years ago, that claim is untimely.

Sareini attempts to circumvent the one-year limitation by arguing that the judgment is void or there have been substantial changes in law. A judgment is "void" under Rule 60(b)(4) only if the court committed a "'jurisdictional error'" or a "'violation of due process.'" *Ne. Ohio Coal. for Homeless v. Husted*, 696 F.3d 580, 601 (6th Cir. 2012) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 1377 (2010)). A judgment is not void simply because it was erroneous. *Espinosa*, 130 S.Ct. at 1377. Rather, the error must have deprived the party of "notice or an opportunity to be heard." *Id.* That is not the case here. Sareini was able to fully and exhaustively argue his claims. The Court addressed his claims on the merits and concluded they should be dismissed. Even if, as Sareini argues, the Court made an error in its legal analysis, that is insufficient to make the judgment void.

Rule(b)(5) permits a party to obtain relief from a judgment if there has been a significant change in either factual conditions or law which "renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992)). Sareini cites repeatedly to the Supreme Court's recent decision in *Holt v. Hobbs*, where the Court held that a prison policy which prevented a muslim inmate from growing a short beard substantially burdened his religious exercise. 135 S. Ct. 853 (2015). The Court does not believe that *Holt* constitutes a significant change in law sufficient to justify vacating the previous judgment. *Holt* may have refined or altered the analysis under RLIUPA, but it did not dramatically change the analytical framework. More importantly, even if *Holt* does constitute a significant change in law, the Court's previous analysis in dismissing Sareini's RLUIPA claim is compatible with the reasoning in *Holt.* The Court in *Holt* explained that the policy which prevent that inmate from growing a beard constituted a substantial burden on his religious exercise for several reasons. First, the inmate sincerely believed that growing a beard was required by his faith. Second, the inmate faced disciplinary action if he grew the beard. The Supreme Court explained that the district court erred in analyzing whether the inmate was free to engage in alternative forms of religious exercise. The Supreme Court further held that RLUIPA "applies to an exercise of religion regardless of whether it is compelled."

This Court's reasoning in dismissing Sareini's RLUIPA claim fully complies with the principles in *Holt.* The Court explained that Sareini had "not demonstrated that he would be unable to adhere to his faith or that his faith would be significantly inhibited without" the requested items. March 31, 2011, Rep & Rec. at 8. The Court further reasoned that "[t]he exercise of Plaintiff's religion may be more difficult without the items, but he is not compelled to

act contrary to his religious beliefs." *Id.* Unlike the inmate in *Holt*, Sareini did not demonstrate that the items he requested were fundamental to or dictated by his religion. *See Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 818 F.3d 1122, 1144 (11th Cir. 2016) (explaining that the inquiry is "whether the government actually 'puts' the religious adherent to the 'choice' of incurring a 'serious' penalty or 'engag[ing] in conduct that seriously violates [his] religious beliefs.') (quoting *Holt*, 135 S.Ct. at 862)). To the extent Sareini now asserts additional factual arguments which attempt to contradict the Court's previous finding, he is at best arguing that a mistake of law was made.[1] The Court's prior analysis was not so fundamentally undermined by *Holt* as to make continued enforcement of the Court's previous judgment detrimental to the public interest. None of the grounds for relief under Rule 60(b) have been met.

### III.

Accordingly, it is **ORDERED** that Plaintiff Sareini's motion for relief, ECF No. 95, is **DENIED**.

Dated: January 10, 2017                                s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge

---

[1] Sareini argues that the Court did not previously conduct the RLUIPA analysis, but he is incorrect. The RLUIPA analysis involves the familiar analysis from the Religious Freedom Restoration Act: the Government may not impose a substantial burden on the religious exercise of a person unless the substantial burden furthers a compelling government interest and is the least restrictive means of furthering that interest. *Holt*, 135 S.Ct. at 860. The Court's prior order of dismissal analyzed whether the prison's policy constituted a substantial burden on Sareini's religious exercise and concluded that it did not.

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 10, 2017.

                                      s/Michael A. Sian
                                      MICHAEL A. SIAN, Case Manager